Per Curiam.

Plaintiff sued for breach of an alleged one-year contract of employment as caterer and restaurant manager. He testified to an oral agreement by defendant to pay to him $100 per week and 10% of the gross bookings for parties arranged by the plaintiff to be served by defendant. This lawsuit concerns only the payment of these alleged commissions. The con *356 tract, as testified by plaintiff, covered commissions on such parties only as were negotiated by plaintiff; it did not apply to the intake of defendant from all parties regardless of by whom the business was obtained. Both the complaint and the bill of particulars so alleged. Plaintiff testified that he was to get “ 10% of the parties that I book ”, and that “ I had to sell this party. ’ ’ The latter statement was stricken out as a conclusion, although it had been elicited upon cross-examination, but it was in any event merely cumulative of what had been previously testified, and of what had been alleged in the complaint and in the bill of particulars.
During the taking of plaintiff’s testimony, the following incident occurred upon the trial:
“ The Court: Let me ask one question, Mr. Beebe. Assume that you didn’t arrange for any of these parties. You still claim under your contract you’d be entitled to 10% of the amount of those bookings, don’t you?
“ The Witness: That’s correct.
“ The Court: That is what he claims.”
There is no basis for such a claim in the complaint, bill of particulars or in the testimony of plaintiff concerning the substance of the agreement.
A paper was introduced as plaintiff’s Exhibit 3, showing a total business done during the period of $25,478.75. Plaintiff’s recovery is for 10% of that amount, or $2,547.87. The president of defendant corporation was asked, as a witness for defendant, whether that list reflects exclusively business done on orders obtained by plaintiff. He replied that it did not, that his father, himself, and one Mr. Rabinowitz procured some of those orders. The trial court ruled out testimony concerning how many of such orders were obtained by others than plaintiff, stating :
“ I am going to sustain the objection on the ground that it is immaterial because the plaintiff claims that he was entitled to full commissions on the gross business and it doesn’t make any difference who took the orders. I am going to sustain the objection.
“ Mr. Levy: I respectfully except, your Honor.
“ The Court: He is either entitled to commissions on all of this or he is entitled to nothing.”
Plaintiff’s counsel stated upon the argument of this appeal that he made no contention that the 10% commission was payable to plaintiff merely for acting as bookkeeper or manager of the restaurant.
*357 The charge and the verdict are based on a theory contrary to the pleadings and plaintiff’s bill of particulars, and it was error to exclude the relevant evidence defendant sought to adduce.
The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.
Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.